IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ABC & S, INC., an Illinois corporation, d/b/a ABLUM BROWN & Co., | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| vs. | ) ) | |
| MACFARLANE GROUP, INC., a Nevada corporation, | ) ) ) | |
| Defendant. | ) | BENCH TRIAL |

## COMPLAINT

ABC & S, Inc., dba Ablum Brown & Company ("Ablum"), by and through its attorneys, Barack Ferrazzano Kirschbaum & Nagelberg LLP, for its complaint against MacFarlane Group, Inc. ("MacFarlane") for breach of contract, hereby states as follows:

## PARTIES

1. Ablum is an Illinois corporation with its principal place of business located at 351 West Hubbard Street, Suite 312, Chicago, Illinois, 60654. Ablum is a provider of investment banking and related services.

2. MacFarlane is a Nevada corporation with its principal place of business located at 6950 W. 56th Street, Mission, KS 66202. On information and belief, MacFarlane is in the business of providing payday loans.

917742.v4

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) because MacFarlane is a citizen of Nevada and Kansas and Ablum is a citizen of Illinois and the amount in controversy exceeds $75,000, exclusive of interest and costs. Also, pursuant to the written agreement between the parties, all disputes between them are to be decided exclusively by state or federal courts located in Cook County, Illinois.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because Ablum has its principal place of business in Chicago, Illinois and therefore resides here.

## FACTUAL BACKGROUND

5. On or about January 13, 2011, Ablum entered into a written agreement with MacFarlane whereby Ablum agreed to provide MacFarlane with financial, advisory, and investment banking services in return for a percentage of any monies subsequently loaned to MacFarlane and/or related entities by certain identified lenders. A copy of the written agreement is attached hereto as **Exhibit A.**

6. It was a term of the written agreement between the parties that:

   A.) Ablum would act as exclusive financial adviser solely for the purposes of assisting MacFarlane and/or its related entities in obtaining financing (Sec.1B).

   B.) If financing was obtained from one or more of an identified list of potential lenders, Ablum would be entitled to an investment banking fee by way of compensation (Sec.1).

   C.) Medley Capital was identified on the list as a potential lender (Sec.1).

2

917742.v4

    D.) Ablum's investment banking fee would be 4% of the first $30,000,000 in financing, plus 3% of the second $30,000,000 (if any), plus 2% of the third $30,000,000 (if any) (Sec.2).

    E.) MacFarlane would pay all Ablum's legal costs and appropriate and customary expenses in the event that Ablum retained counsel in order to recover its investment banking fee (Art. III. B).

7. Pursuant to the terms of the written agreement, Ablum assisted MacFarlane and its related entities in attempting to procure financing.

8. In the course of assisting MacFarlane and its related entities, Ablum contacted, among others, two potential lenders identified in the written agreement: Cyan LLP ("Cyan") and Medley Capital ("Medley").

9. Following those contacts, in or about November 2011, MacFarlane completed the negotiation of an unexecuted financing agreement whereby Cyan and Medley would provide MacFarlane and/or one or more of its related entities with $50,000,000 in financing.

10. The unexecuted financing agreement provided for Ablum's investment banking fee to be disbursed to it on closing.

11. On information and belief, in or about late November 2011, Cyan informed MacFarlane that it was no longer prepared to proceed with the financing agreement.

12. On learning that the financing agreement had fallen through, Ablum reached out to Medley to ascertain if Medley would be willing to provide financing

in Cyan's absence. Medley, through its employee or agent Brian Dohmen informed Ablum that it was not willing to provide financing. Immediately prior to his employment and/or agency with Medley, Mr. Dohmen had been part of the Ablum team attempting to procure financing for MacFarlane.

13. On information and belief, in or about December 2011, Medley provided MacFarlane and/or one or more of its related entities with $30,000,000 in financing. In breach of the written agreement, MacFarlane failed to pay Ablum its investment banking fee of $1,200,000. In fact, neither MacFarlane nor Medley informed Ablum that they had entered into a financing agreement at all. Ablum did not discover that financing had been provided until about March 2013.

14. Despite requests that it do so, MacFarlane has wrongfully refused to pay Ablum its investment banking fee, thereby causing Ablum loss and damage.

## COUNT I – BREACH OF CONTRACT

15. Ablum restates and incorporates herein in Count I, paragraphs 1 through 14 of the Complaint.

16. The written agreement is a valid and enforceable contract pursuant to which Ablum was to assist in attempts to secure financing for MacFarlane and/or one or more of its related entities.

17. Ablum has performed all of its obligations under the written agreement.

18. In or about December 2011, MacFarlane and/or one or more of its related entities received financing from Medley.

917742.v4

19.     Pursuant to the written agreement, MacFarlane was obligated to pay Ablum an investment banking fee of $1,200,000.

20.     In breach of the written agreement MacFarlane is wrongfully refusing to pay Ablum its investment banking fee, thereby occasioning Ablum loss and damage in the sum of $1,200,000 plus legal costs and appropriate and customary expenses.

WHEREFORE, Ablum respectfully requests this Court enter an order:

A.     Finding that MacFarlane breached the written agreement;

B.     Awarding Ablum compensatory damages in the amount of $1,200,000 or such other sum as the Court deems just;

C.     Awarding Ablum all legal costs and appropriate and customary expenses, including attorney's fees, associated with its attempts to recover its investment banking fee; and

D.     Awarding such other and further relief as the Court deems just.

Dated: October 18, 2013

Respectfully submitted,

ABC & S, Inc., dba Ablum Brown & Company, Inc.

By:   /s/Adam Oyebanji
        One of Its Attorneys

Adam Oyebanji (6275647)
Sharon E. Calhoun (6294212)
BARACK FERRAZZANO KIRSCHBAUM
 & NAGELBERG LLP
200 W. Madison St.
Suite 3900
Chicago, Illinois 60606
(312) 984-3100 (phone)
(312) 984-3150 (fax)

917742.v4